IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04842-PAB

JARNAIL SINGH,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Denver Contract Detention Facility Aurora, et al.,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Jarnail Singh's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 10.

## I. BACKGROUND[1]

Petitioner is a 29-year-old native of India. Docket No. 1 at 5, ¶ 26. On April 30, 2024, petitioner entered the United States without inspection. *Id.*, ¶ 27. While living in the United States, petitioner has never been arrested for or convicted of a crime. *Id.*, ¶ 28. On November 6, 2025, petitioner was detained by police officers during a traffic stop. *Id.*, ¶ 29. During the traffic stop, the police contacted U.S. Immigration and Customs Enforcement ("ICE"). ICE took petitioner into custody. *Id.* at 6, ¶ 30. Since that date, petitioner has been held in immigration detention. *Id.*, ¶ 31 Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*

[1] The following facts are undisputed unless otherwise noted.

Petitioner was detained without a warrant. *Id.* at 7, ¶ 43. Petitioner was issued a Notice to Appear on November 23, 2025, after he was already detained. *Id.* at 6, ¶ 32.

On September 29, 2026, petitioner filed a petition for a writ of habeas corpus. *See generally id.* Petitioner brings claims that his warrantless and prolonged detention violates the Fourth Amendment and the Due Process Clause. *Id.* at 17-18, ¶¶ 83-92. On October 20, 2026, respondents filed a response stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 10 at 2. Respondents state that, if the Court grants the habeas petition, the appropriate relief would be to order petitioner's release from detention. *Id.*

## II. ANALYSIS

Title 8 U.S.C. § 1226(a) provides that, "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."[2] 8 U.S.C. § 1226(a) (emphasis added). Petitioner asserts that he was arrested without a warrant, in violation of statutory requirements. Docket No. 1 at 7, ¶ 43. Respondents do not contest that petitioner was arrested without a warrant. *See generally* Docket No. 10. Therefore, due to respondents' failure to contest that petitioner was arrested without a warrant, the Court finds that petitioner was arrested without a warrant.

There are exceptions to § 1226(a)'s warrant requirement. Pursuant to § 1357(a)(2), immigration officials may arrest a noncitizen without a warrant:

> to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest

[2] The type of warrant issued by immigration officers is known as Form I-200. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing 8 C.F.R. §§ 236.1, 1236.1).

> any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2). Under § 1357(a)(5), an immigration officer may also make a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,
>
> if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5). "Courts have recognized that these warrantless-arrest authorities are strictly limited, particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, 2026 WL 948285, at *5 (D.N.M. Apr. 8, 2026) (collecting cases).

Respondents have not provided any argument or set forth any evidence indicating that petitioner's warrantless arrest was proper under § 1357. *See generally* Docket No. 10. Accordingly, the Court finds that respondents lacked statutory authority to arrest petitioner, and petitioner's detention is thus unlawful. *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority for petitioner's arrest where "[n]othing in the record suggests that either statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that

respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted).

Where respondents have failed to obtain a warrant for a noncitizen detained under § 1226(a) and lacked statutory authority for a warrantless arrest, courts have found the appropriate remedy is to order the non-citizen's release. *See, e.g.*, *Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases); *Matovu*, 2026 WL 1387476, at *3; *Kunner v. Grant,* 2026 WL 1623016, at *4 (W.D. Okla. Apr. 22, 2026), *report and recommendation adopted*, 2026 WL 1452463 (W.D. Okla. May 22, 2026). "[W]hen DHS cannot meet the statute's requirements for a warrantless arrest, continued detention is unlawful and release is the only permissible remedy*.*" *Morelos Valdovinos* 2026 WL 948285, at *7. Accordingly, the Court will order petitioner's release.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Jarnail Singh's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that the parties shall file a status report confirming that petitioner has been released from custody within **four days** of the issuance of this order.

DATED October 20, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge